J-S13014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TODD WILLIAM BEBO :
:
Appellant : No. 663 MDA 2024

Appeal from the Judgment of Sentence Entered January 3, 2024
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000523-2023

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED MAY 07, 2025**

Todd William Bebo appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County after his conviction of multiple criminal offenses including attempted homicide. Bebo argues that the Commonwealth failed to negate his renunciation defense because there was no evidence that he renounced for fear of detection or apprehension. Finding support in the record for the jury to make that factual finding, we affirm.

The trial court succinctly described the events that resulted in Bebo's criminal charges and conviction.

> [O]n November 11, 2022, [Bebo] and the victim, his then girlfriend, where involved in an argument which culminated in [Bebo] firing an AR-15 style rifle in the presence of the victim and Robert and Shirley Neyhard, at the victim's residence. [Bebo and the victim had a long-term relationship, and Bebo had been residing with the victim at her residence at the time of the November 11, 2022 incident.] The victim subsequently secured a protection from abuse (PFA) order against [Bebo] that prohibited

contact with the victim, excluded him from her residence, and required to turn in his weapons to law enforcement. In addition, the victim upgraded the security system at her residence. Despite the existence of the PFA, however, [Bebo] went to the victim's residence on the night of December 9, 2022, and entered her back yard. As [Bebo] moved into the yard, he came into view of the security cameras the victim had recently installed, which captured his image and showed him to be carrying a sawed-off shotgun, a sledgehammer, and a pink backpack. [Bebo] then turned and fled the property. When [Bebo] was apprehended, he was found to be in possession of a shotgun, a sledgehammer and a pink backpack, as well as shotgun ammunition and duct tape found inside the pink backpack.

Trial Court Opinion, 6/20/24, at 1-2.

Bebo was charged with attempted homicide (18 Pa.C.S.A. § 901(a) / 18 Pa.C.S.A. § 2501(a)), possession of a prohibited weapon (18 Pa.C.S.A. § 908(a)), possession of an instrument of crime (18 Pa.C.S.A. § 907(a)), possession of a weapon while prohibited under a protection from abuse order (18 Pa.C.S.A. § 6105(a)(1)), and loitering and prowling at night (18 Pa.C.S.A. § 5506). The matter proceeded to a jury trial where a jury convicted Bebo of all charges. On January 3, 2024, the court sentenced him to an aggregate term of 13 to 32 years' incarceration.

Bebo filed post-sentence motions that the court denied on April 8, 2024. Bebo timely appealed and filed a court ordered concise statement.

On appeal, Bebo raises a single issue.[1]

_____

[1] In the heading of his argument section, Bebo also asserts that there was insufficient evidence that he took a substantial step towards the commission of criminal homicide and he stated he does not concede that he took a substantial step. **See** Appellant's Brief, at 26-27. However, in his brief, Bebo offers no argument regarding the sufficiency of the evidence for taking a

*(Footnote Continued Next Page)*

1. Did the Commonwealth fail to prove, beyond a reasonable doubt, that the Appellant did not renounce, under 18 Pa.C.S.A. § 901(c), his intent to commit or complete the offense of criminal homicide and the attempt of that offense where the record was devoid of evidence that he did not commit the offense because he thought he was about to be caught, he planned on having someone else commit the underlying crime or he merely postponed the commission of the crime until a later date and, therefore, fail to negate the defense of renunciation under 18 Pa.C.S.A. [§] 901(c)?

Appellant's Brief, at 27 (renumbered).

The Commonwealth has the burden of disproving the defense of renunciation. **See** Pa. SSJI (Crim) §12.901C (2024). Thus, we must consider whether the Commonwealth presented sufficient evidence to disprove Bebo's renunciation defense.

We assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record

---

substantial step towards the commission of criminal homicide. **See generally** Appellant's Brief. Further, Bebo identifies his argument regarding renunciation as his "first and sole argument[.]" **Id.** at 26. Therefore, we see no need to address whether there was sufficient evidence that Bebo took a substantial step towards the commission of criminal homicide because he has failed to preserve that issue for review.

must be evaluated and all evidence actually received must be considered.

***Commonwealth v. Bowens***, 265 A.3d 730, 740-41 (Pa. Super. 2021) (*en banc*) (citation omitted).

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). "For the Commonwealth to prevail in a conviction of criminal attempt to commit homicide, it must prove beyond a reasonable doubt that the accused with a specific intent to kill took a substantial step towards that goal." ***Commonwealth v. Robertson***, 874 A.2d 1200, 1207 (Pa. Super. 2005) (citation omitted).

A person who has acted with the requisite intent and committed a substantial step towards the commission of a crime can assert a renunciation defense.

> (1) In any prosecution for an attempt to commit a crime, it is a defense that, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, the defendant avoided the commission of the crime attempted by abandoning his criminal effort and, if the mere abandonment was insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof.

18 Pa.C.S.A. § 901(c)(1). However,

> (2) A renunciation is not "voluntary and complete" within the meaning of this subsection if it is motivated in whole or part by:
>
> > (i) a belief that circumstances exist which increase the probability of detection or apprehension of the defendant or another participant in the criminal enterprise, or which render more difficult the accomplishment of the criminal purpose; or

> (ii) a decision to postpone the criminal conduct until another time or to transfer the criminal effort to another victim or another but similar objective.

18 Pa.C.S.A. § 901(c)(2).

Bebo argues that the Commonwealth could not establish that he abandoned his efforts for fear of detection or apprehension because there was evidence that Bebo intended to commit murder-suicide and Bebo was previously aware that there was a surveillance camera on the back patio and that the Commonwealth presented no evidence that Bebo detected the new cameras. **See** Appellant's Brief, at 31-39. Thus, according to Bebo, a person committing murder-suicide would not be concerned with being later apprehended and, because Bebo was already aware of a surveillance camera, he would not have become fearful of detection or apprehension. **See id.**

The Commonwealth argues the evidence that new security cameras were installed that were previously unknown to Bebo was sufficient for the jury to find that Bebo's renunciation was motivated in whole or in part by his fear of detection or apprehension. **See** Commonwealth's Brief, at 8. Similarly, the trial court concluded that "the Commonwealth presented sufficient evidence to enable the fact-finder to conclude that [Bebo] took substantial steps toward the commission of attempted homicide, and only abandoned that goal due, in whole or in part, to fear of detection or apprehension upon encountering the victim's new security cameras." Trial Court Opinion, 6/20/24, at 10 (citation omitted).

We are unpersuaded by Bebo's arguments. First, whether Bebo's supposed intent to commit murder-suicide eliminated his potential fear of detection or apprehension such that he would not have renounced for that reason was a matter for the jury to decide.

Bebo's other argument more closely reflects a challenge to whether the Commonwealth presented sufficient evidence to disprove his defense of renunciation. Bebo argues that the Commonwealth failed to present sufficient evidence that he renounced for fear of apprehension or detection because Bebo was already aware that there was one surveillance camera at the back of the victim's house and there was no evidence that he detected the new cameras. This argument is also without merit.

The Commonwealth presented the following evidence: (1) Bebo previously knew the victim had two low quality black and white surveillance cameras, one at the front and one at the back of the house; (2) after Bebo moved out, the victim upgraded her surveillance system by getting more cameras with better color picture quality—including multiple cameras that covered the backside of her house; (3) while Bebo lived with the victim she infrequently turned on her outside floodlight but it was on the night of the incident; and (4) the surveillance camera footage, which depicted Bebo approaching the victim's back patio carrying a sawed-off shotgun, a sledgehammer, and a pink backpack that later was found to contain duct tape and ammunition, and then fleeing the property after being in view of a surveillance camera.

From this evidence, there are different plausible explanations for why Bebo abandoned his efforts after he was in view of a surveillance camera. It was the jury's role to view the evidence and reach a conclusion as to why Bebo fled. Based upon the certified record, the jury made the unquestionably reasonable inference, supported by the evidence presented by the Commonwealth, that Bebo renounced his criminal activity in whole or in part due to an increased fear of detection or apprehension. There was sufficient evidence to support that finding. Therefore, the Commonwealth presented sufficient evidence to disprove Bebo's renunciation defense.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 05/07/2025